***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Garner and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing as:
 FINDINGS OF FACT
1. On or about April 27, 1995, plaintiff was employed by defendant-employer as a tow motor operator.
2. However, several months before April 27, 1995, plaintiff's behavior at work became increasingly erratic and unstable. Plaintiff had become obsessed with the notion that Weyerhaeuser Company had implemented a new manufacturing process that he had invented and designed. Plaintiff's obsessions with his belief that he had designed this system led him to begin discussing this topic with anyone who would listen to him. Over time co-employees began complaining to Jack Faulk and Terry Gregory about plaintiff's erratic and bizarre behavior. Mr. Faulk was one of plaintiff's supervisors. Mr. Gregory was the department head.
3. The complaints of the other employees resulted in Terry Gregory coordinating a meeting on April 26, 1995. The purpose of this meeting was to begin documenting plaintiff's unstable and erratic behavior at work. Specifically, Mr. Gregory wanted Mr. Carol Jones of Weyerhaeuser's Human Resources Department to attend and witness plaintiff's demeanor and behavior about his alleged invention. The meeting was held on April 26, 1995 and attended by Carol Jones, Arthur Armstrong, Jack Faulk, T. White, Joe Reynolds and plaintiff.
4. During the April 26, 1995 meeting, plaintiff stated that co-employees were "bumping him" with tow motors. However, plaintiff did not state during the April 26 meeting that he was injured as a result of the alleged bumping incident or that any of the tow motors were damaged as a result of this activity. The April 26, 1995 meeting concluded with plaintiff being told by Weyerhaeuser management that he needed to stop discussing issues about his alleged invention with his co-employees.
5. Plaintiff testified that on April 27, 1995, at 9:30 a.m., an accident occurred between a tow motor he was driving and one driven by Ellis Daniels. Specifically, plaintiff contends that Mr. Daniels intentionally rammed into him at a high rate of speed while driving a tow motor. Plaintiff further contends that his tow motor sustained irreparable damage as a result of this impact and that oil spilled out of his tow motor due to the accident. Plaintiff also contends that the tow motor Ellis Daniels was driving was severely damaged. Plaintiff alleges that immediately after the impact of the two tow motors, his head, knees, hands and side were hurting. Plaintiff described the impact as "devastating".
6. Plaintiff's medical records, and the testimony of Ellis Daniels, Jack Faulk, and Terry Gregory, establish that the incident plaintiff alleges involving tow motors did not occur.
7. Plaintiff's medical records do not substantiate that he had an accident on April 27, 1995, or any other date. Plaintiff first sought medical care and treatment on April 28, 1995. The medical record from Sentera Norfolk General Hospital in Tidewater, Virginia, reflects plaintiff's chief complaint to the physician was "can't sleep because of my nerves". Specifically, the medical notes state "the patient is a 54 year old male who states that for the past week he has had some type of situation going on at work which he is very reticent to elaborate on, secondary to not wanting to get me involved and have me go to jail." The medical record goes on to state that plaintiff has had a difficult time concentrating at work and was having headaches, back pain, chest tightness, numbness in his hands and feeling uncoordinated at work. There is no reference in the April 28, 1995, medical record that plaintiff was involved in any type of accident involving tow motors.
8. At the hearing before the Deputy Commissioner, Mr. Daniels stated that he has never been involved in an accident with plaintiff. Additionally, the testimony of Jack Faulk and Terry Gregory establishes that there is not any evidence that an accident involving tow motors occurred. Mr. Faulk and Mr. Gregory investigated plaintiff's allegation that employees had been bumping him with tow motors. Their investigation included talking with plaintiff's co-employees and an inspection of the department's tow motors. Their investigation established that there were no eyewitnesses to the alleged incident, and no one heard an accident occur. More importantly, their investigation established that there was no evidence that any of the department's tow motors had been damaged as plaintiff described. Mr. Faulk and Mr. Gregory found that none of the department's tow motors had sustained this type of damage, or showed any evidence that an accident had occurred.
9. There is no credible evidence to support plaintiff's allegation that he was injured due to an accident involving a tow motor collision on either April 26 or 27, 1995. Therefore, plaintiff did not suffer an injury by accident as alleged.
 ***********
Based on the foregoing Findings of Fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
Since plaintiff did not suffer a specific traumatic incident as alleged, he cannot prevail. In workers' compensation cases, the plaintiff has the burden of proving each element of his case. Since plaintiff did not carry the burden of proof in this case, he is not entitled to workers' compensation benefits. N.C.G.S. § 97-2(6).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission adopts and affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Plaintiff's claim for workers' compensation benefits is hereby denied.
2. Each side shall pay its own costs.
This the ___ day of August, 2002.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/____________________ BERNANDINE S. BALLANCE COMMISSIONER
DCS/bjp